IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Tracey F. Carter, | ) | C/A No.: 1:13-2170-TMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Cecilia Reynolds, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Tracey F. Carter ("Petitioner"), proceeding pro se, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the decision rendered during a disciplinary hearing. Petitioner is a state prisoner in the custody of the South Carolina Department of Corrections at Ridgeland Correctional Institution in Ridgeland, South Carolina, serving a 25-year sentence rendered in 1998. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's return and motion for summary judgment filed pursuant to Fed. R. Civ. P. 56. [Entry #13]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by January 13, 2014. [Entry #14]. The court granted Petitioner two extensions to file his response by March 17, 2014. [Entry #18, #25]. After Petitioner failed to file a timely response, the court issued an order on March 24, 2014, directing Petitioner to advise the court whether he wished to continue with the case and to file a

1

response to the motion for summary judgment by April 7, 2014. [Entry #30]. Petitioner filed a response on April 10, 2014. [Entry #32].

Having carefully considered the parties' submissions and the record in this case, the undersigned is recommends that Respondent's motion be denied without prejudice and with leave to refile.

I.    Factual and Procedural Background

The filings in this case are convoluted. Petitioner initially submitted this case on or about August 12, 2013, on a form for petitions under 28 U.S.C. § 2254. [Entry #1]. The contents of the § 2254 petition direct the reader to "See Attached Disciplinary Brief" or "See Attached Brief" or "See Brief" on virtually every page calling for a substantive response. *Id.* Attached to the petition, Petitioner provided documents concerning a disciplinary incident dated September 15, 2011, involving contraband in the form of tobacco having been found in his room ("Tobacco Incident") [Entry #1-5], along with the brief that Petitioner submitted to the Administrative Law Court ("ALC") concerning the Tobacco Incident. [Entry #1-6].

Because the allegations Petitioner complained of concerned a disciplinary infraction, for which the petition form under 28 U.S.C. § 2241 prompts exhaustion questions, the undersigned issued a Proper Form Order on September 13, 2013, directing Petitioner to complete the form for petitions under 28 U.S.C. § 2241. Petitioner submitted the § 2241 form on October 2, 2013, and the Clerk's Office attached the § 2241 petition and an accompanying memorandum as exhibits to the original § 2254 petition. [Entry #1-8, #1-9]. The § 2241 petition generally and repeatedly references a

"disciplinary conviction," but fails to identify any salient aspects, such as the date it occurred or the grounds giving rise to it. The § 2241 petition, like the § 2254 petition, also directs the reader to "See Attached Disciplinary Brief" or "See Grounds on Attached Brief" or "See Brief" throughout. *Id.* Attached to the petition, Petitioner provides another brief he submitted to the ALC concerning a disciplinary incident dated July 12, 2012 ("Radio Incident"). [Entry #1-9]. This incident involved a routine shakedown that resulted in Petitioner being charged with "possession of a cell phone or other type of communication device." In his brief to the ALC, Petitioner argued that he should have been charged with the lesser charge of "altered inmate property" because the property at issue was an institutionally-purchased radio that had been altered. *Id.* at 6.

The court authorized service of process, referring to the case as a § 2254 petition, and directing Respondent to file a return by December 12, 2013. [Entry #10].

On December 6, 2013, Respondent filed the instant return and motion for summary judgment. [Entry #13]. The motion notes that the petition was brought under § 2254, and states that "yet the petition is unclear as to the specific grounds upon which habeas relief should be granted." [Entry #13-1 at 1]. The motion proceeds to address the Tobacco Incident and the reasons why habeas relief should be denied, including, *inter alia,* Petitioner's failure to exhaust his administrative remedies and the fact that the discipline imposed for the Tobacco Incident had been reversed, thereby mooting Petitioner's request for relief. Respondent did not address the Radio Incident or reference the § 2241 petition [Entry #1-8] that appears to concern the Radio Incident.

3

In his response to the motion for summary judgment filed on April 10, 2014, Petitioner states that there has been a grave mistake, that he had two cases that have been confused, that the Tobacco Incident had been disposed of, and that it is impossible for him to respond to a motion for summary judgment with the file in such disarray. [Entry #32].

II.     Discussion

   A.     Motion for Summary Judgment Standard

Pursuant to Rule 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.  At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor.  *Id*. at 255.

Plaintiff is a pro se litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  However, a court may not construct a party's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417–18 (7th Cir. 1993), nor should it "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.  Analysis

The undersigned is constrained to recommend that Respondent's motion for summary judgment be denied because the arguments therein concern the Tobacco Incident, not the Radio Incident for which Petitioner appears to seek relief. While not a model of clarity or repository of much information, Petitioner's § 2241 petition does note (1) that he is challenging a prison disciplinary conviction that resulted in loss of good time credits [Entry #1-8 at 1]; (2) that he pursued a Step 1 and Step 2 grievance and appealed to the ALC and South Carolina Court of Appeals [Entry #1-8 at 6]; (3) that his ALC dismissal issued May 2013 [Entry #1-8 at 8]; (4) that his Court of Appeals dismissal issued July 2013 [*id.*]; and (5) his brief to the ALC reflects Grievance No.: KRCI-1110-12 [Entry #1-9 at 1, 2], which concerns the Radio Incident [*id.* at 4, 6, 8, 9].

Because the Radio Incident at issue has not been addressed by Respondent, the undersigned recommends the court deny Respondent's motion for summary judgment and give Respondent an opportunity to file an amended return and/or motion for summary judgment on Petitioner's petition filed as Entry #1-8, and Entry #1-9. The undersigned recommends recommitting this matter for preparation of another Report and Recommendation on an amended return and/or motion for summary judgment concerning the Radio Incident.

III.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [Entry #12] be denied without prejudice and that leave be granted to Respondent to file an amended return and/or motion for summary judgment.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

June 5, 2014  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).